IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD BOSLEY, ET AL. | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 04-CV-4598 |
| | : | |
| CHUBB CORPORATION, ET AL. | : | |

## ORDER

AND NOW, this 20th day of February, 2007, upon consideration of Plaintiffs' Motion For Tolling Order (Doc. No. 36), and all papers submitted in support thereof and in opposition thereto, it is ORDERED that the Motion is GRANTED.[1] The Statute of Limitations is

---

[1] On June 3, 2005, we conditionally certified Plaintiffs' action as a collective action under § 216(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Doc. No. 27.) In our June 3, 2005 Order, we directed counsel to meet and confer with regard to the content of the proposed notice to be sent to the potential plaintiffs and to re-submit the proposed notice to the Court within twenty (20) days. On June 23, 2005, we received a letter from defense counsel indicating that counsel for both parties had discussed the proposed Class Notice and Consent to Join Forms and that they had reached agreement on all but one sentence. Defendants sought inclusion of a sentence in the Class Notice that indicated that The Chubb Institute seeks dismissal of the case and payment of its costs by Plaintiffs and those who join the suit. Plaintiffs opposed inclusion of this sentence. Having been unable to reach agreement, Plaintiffs filed a Renewed Motion for Approval and Facilitation of Notice under 29 U.S.C. § 216(b) and Motion to Compel Names and Addresses of Class Members. (Doc. No. 30.) This Motion is currently pending before the Court, and Class Notice has not yet been sent.

   Plaintiffs seek an order tolling the statute of limitations for the potential opt-in plaintiffs who are similarly situated to avoid unfair prejudice to these potential plaintiffs. A cause of action for unpaid overtime compensation under the FLSA must be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255(a). In addition, under the FLSA, the action commences for purposes of § 255 on the date when the complaint is filed for named plaintiffs and on the date when written consent to become a party plaintiff is filed for non-named plaintiffs. 29 U.S.C. § 256. As a result, absent tolling of the statute of limitations, potential opt-in plaintiffs who have not yet received notice of this collective action may be precluded from joining the lawsuit because of expiration of the two or three year period.

_____

The equitable tolling doctrine applies to every federal statute of limitation, including the FLSA. *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 438 (D.N.J. 2001) (citing *Kamens v. Summit Stainless*, 586 F. Supp. 324, 328 (E.D. Pa. 1984). In the Third Circuit, "there are three principal, though not exclusive, situations where equitable tolling may be appropriate: (1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845 (3d Cir. 1992); *see also Henchy*, 148 F. Supp. 2d at 438.

Courts have found equitable tolling to be appropriate in cases where a delay in a ruling by the court would otherwise prejudice the opt-in plaintiffs. *See Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312-13 (S.D. W. Va. 1986) (applying equitable tolling to ADEA action based on five month delay in court's ruling on class certification); *see also Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 411 (D.N.J. 1988) (granting equitable tolling because of delay in court rulings and because "defendant has long had timely notice of the claims in this case and plaintiffs' efforts to find more class members"). In addition, in considering equitable tolling, courts consider the underlying purpose of statutes of limitations—"to ensure fairness to defendants and notify them of claims that they must defend before the claims grow stale." *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 761 (9th Cir. 1981), *rev'd on other grounds*, *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

In the instant case, equitable tolling is appropriate because of court delay in approving the Class Notice and because of Defendant's somewhat unreasonable demand to include a sentence in the Class Notice that suggests that opt-in plaintiffs will be responsible for Defendant's litigation costs. *See Gerlach v. Wells Fargo & Co.*, No. C 05-0585, 2006 WL 824652, at *4 (N.D. Cal. Mar. 28, 2006) (noting that "[a]ny language in the notice regarding defendants obtaining 'an award of costs to be paid by the individual plaintiffs' must define those costs and be clear that potential plaintiffs will not bear the burden of paying defendants' attorneys' fees should defendants prevail"). The disagreement between the parties followed by the delay have prevented potential opt-in plaintiffs from learning of this case within the statute of limitations period. Moreover, Defendant will not be prejudiced by a tolling of the limitations period because Defendant has had timely notice of the claims in this case and of Plaintiffs' intention and efforts to find more class members. *See Sperling*, 118 F.R.D. at 411.

Accordingly, we conclude that "extraordinary circumstances" have prevented potential opt-in plaintiffs from asserting their rights in this matter and thus that equitable tolling properly applies here. We will toll the limitations period beginning June 23, 2005, the date on which the Court received Defendant's letter explaining the impasse in negotiations over the proposed Class Notice, and the deadline for FLSA opt-in consent forms, a deadline which will be set in a later Order approving and facilitating Notice.

tolled for potential opt-in plaintiffs from June 23, 2005 until the filing deadline for FLSA opt-in consent forms, which deadline will be set by Order approving and facilitating Notice.

    IT IS SO ORDERED.

                                        BY THE COURT:

                                        _____

                                        R. Barclay Surrick, Judge