IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD BOSLEY, ET AL. | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 04-CV-4598 |
| | : | |
| THE CHUBB INSTITUTE | : | |

**SURRICK, J.**                                                                                                             **MAY 25, 2007**

## MEMORANDUM & ORDER

Presently before the Court is Plaintiffs' Motion For Leave To File Amended Pleading (Doc. No. 34) and Plaintiffs' Renewed Motion For Leave To File Amended Pleading (Doc. No. 86). For the following reasons, Plaintiffs' Motions will be denied.

**I.    BACKGROUND**

This case arises out of Plaintiffs' claim that Defendant The Chubb Institute ("TCI") misclassified Admissions Representatives as exempt employees, not entitled to overtime pay, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. No. 1 at 1.) Plaintiffs contend that they are actually non-exempt employees under the FLSA and, as a result, are entitled to overtime. (*Id.*) Plaintiffs allege that Defendant maintained a regular practice of requiring Plaintiffs to work in excess of 40 hours per week and that TCI maintained this practice of failing to pay overtime compensation to Admissions Representatives at all TCI campuses. (*Id.* at 3.) Plaintiffs also contend that TCI violated the FLSA in that it "failed to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by the companies." (*Id.*) In addition, Plaintiffs claim that by requiring Plaintiffs to work more than forty hours per week and failing to pay them overtime, TCI also violated the Pennsylvania Minimum Wage Act of 1868, 43 Pa. Stat. Ann. § 333.101.

(*Id.* at 4.)

On September 29, 2004, Plaintiffs filed their Complaint, seeking certification as a collective action under the FLSA, 29 U.S.C. § 216(b) and seeking actual damages, liquidated damages, attorneys fees, and costs. (Doc. No. 1.) On January 19, 2005, Plaintiffs filed a Motion to Certify a Collective Class of Persons "Similarly Situated" Pursuant to 29 U.S.C. § 216(b) and for Approval and Facilitation of Notice. (Doc. No. 13.) On June 3, 2005, after an initial period of discovery, we granted pretrial certification and ordered counsel to meet and confer with regard to the proposed notice. (Doc. No. 27 at 9.) In addition, in our Memorandum and Order dated June 3, 2005, we granted then-Defendant The Chubb Corporation's Motion to Dismiss (Doc. No. 26). (Doc. No. 27 at 9.) The Motion was not opposed by Plaintiffs. (*See id.*)

In the instant Motions, Plaintiffs seek leave of Court to amend their Complaint to reinstate The Chubb Corporation ("Chubb") as a defendant in this case. Plaintiffs initially named Chubb as a defendant because TCI was, at all relevant times, owned by Chubb Computer Services Inc., which was, in turn, a wholly owned subsidiary of Chubb.[1] (Doc. No. 37 at 4.) Plaintiffs have offered evidence to support the present Motion in a series of supplements to their initial Motion for Leave to Amend. (*See* Doc. Nos. 58, 60, 61, 94, and Letters to the Ct. of May 2, 2007 and May 15, 2007.) On May 15, 2007, Plaintiffs filed the Renewed Motion for Leave to Amend seeking the same relief but including the opt-in Plaintiffs. (Doc. No. 86.) Chubb responds that Plaintiffs' Motion is, in fact, an untimely Motion for Reconsideration. Chubb also argues that the Motion should be denied on res judicata grounds based on our prior dismissal of

---

[1] On September 1, 2004, TCI was sold to High Tech Institute Inc., and Chubb no longer has an ownership interest in it. (Doc. No. 37 at 4, n.1.)

Chubb from the case.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been filed, a party may amend its pleading only "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993); *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996)).

## III.    LEGAL ANALYSIS

As mentioned above, Plaintiffs' Motions seek leave of Court to amend the Complaint to reinstate Chubb as a defendant. In our Memorandum and Order of June 3, 2005, we stated the following with regard to Chubb's Motion to Dismiss:

> Defendant Chubb has filed a Cross-Motion to Dismiss the Complaint in which it asserts that Plaintiffs were never employed by Chubb, and therefore Plaintiffs have improperly included Chubb as a Defendant. During the March 1, 2004, Conference, we instructed Plaintiffs to determine whether Chubb is a viable Defendant in this case. Plaintiffs failed to even mention this issue in their Motion. Moreover, Plaintiffs have failed to respond to Defendant Chubb's Motion to Dismiss. Defendant Chubb's Motion will be granted as unopposed.

*Bosley v. Chubb Corp.*, No. Civ. A. 04-CV-4598, 2005 WL 1334565, at *5 (E.D. Pa. June 3, 2005). It is clear from the June 3, 2005 Memorandum that Plaintiffs were given ample opportunity to present evidence and argument in support of their contention that Chubb was a proper defendant. However, Plaintiffs failed to mention the issue in their contemporaneous brief

to the Court and failed to respond to Chubb's Motion to Dismiss. We, therefore, granted that Motion.

### A.     Prior Dismissal with Prejudice

Chubb argues that Plaintiffs' current Motions for Leave to Amend should be denied on res judicata grounds based on our prior dismissal of Chubb as a party to this case. In support, Chubb points to our June 3, 2005 opinion and contends that the dismissal of Chubb constituted a dismissal with prejudice under Federal Rule of Civil Procedure 41. Plaintiffs argue that our Order dismissing Chubb was a dismissal without prejudice and thus cannot preclude an amendment reinstating Chubb as a defendant. Rule 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). The Supreme Court has advised that "Rule 41(a) . . . makes clear that 'an adjudication upon the merits' in Rule 41(b) is the opposite of a dismissal without prejudice." *Semtek Intern'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). It is a dismissal that prevents refiling of the claim in the same court. *Id.* at 506; *see also Douris v. County of Bucks*, No. Civ. A. 99-3357, 2001 WL 695019, at *3 (E.D. Pa. June 18, 2001).[2] In addition, it is clear

---

[2] Explaining the rationale for this position, the Supreme Court in *Costello v. United States*, 365 U.S. 265 (1961), stated:

> All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits-failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law-primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the

that when the dismissal is for a reason other than lack of jurisdiction, improper venue, or failure to join a party, the dismissal is considered to be with prejudice even if the judgment did not so specify.  *See LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 607 (7th Cir. 1989) (holding, where dismissal was for lack of prosecution that "[b]ecause the judgment did not otherwise state, the dismissal was on the merits-with prejudice").  Thus, absent a specific indication in a judgment of dismissal, the reasoning behind the dismissal dictates whether it is with or without prejudice.

In this instance, our dismissal of Chubb as a defendant was clearly a dismissal with prejudice.  The Court gave Plaintiffs an opportunity to take discovery on the issue of Chubb's viability as a defendant.  Nevertheless, Plaintiffs failed to present any evidence to support their contention that Chubb was a proper defendant.  In fact, Plaintiffs failed to respond to Chubb's Motion to Dismiss at all.  As a result, we granted Chubb's Motion.  The dismissal was not based on lack of jurisdiction, improper venue, or failure to join a party.  Therefore, in accordance with Rule 41(b), our dismissal of Chubb in June 2005 constituted a dismissal with prejudice.[3]

---

> merits because there is no initial bar to the Court's reaching them.  It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action.

*Id.* at 286.

[3]  In granting Chubb's Motion to Dismiss, we stated the following regarding parent company liability:

> We note that Defendants correctly state that a parent corporation is not, under normal circumstances, liable as the employer of its subsidiaries' employees. (Doc. No. 26 at 8 (citing *Marzano v. Computer Sci. Corp.*, 91 F.3d 497, 513 (3d Cir. 1997) ("[W]hen a subsidiary hires employees, there is a strong presumption that the subsidiary, not the parent company, is the employer." (citation omitted))).)

*Bosley v. Chubb Corp.*, 2005 WL 1334565, at *5.  Had Plaintiffs wanted to maintain Chubb as a

B.     **Effect of Prior Dismissal**

Chubb also argues that because we dismissed the company in our June 3, 2005 Order, the principles of res judicata bar Plaintiffs from amending their Complaint to reinstate Chubb as a defendant.  Plaintiffs, on the other hand, argue that they have unearthed new evidence that supports their contention of an "integrated enterprise" between TCI and Chubb, which, in turn, supports their view that Chubb is a proper party to this suit.[4]  Plaintiffs contend that they did not offer this evidence at the time of Chubb's Motion to Dismiss for a number of reasons:  (1) Plaintiffs' counsel was, at the time, engaged in leaving one firm and opening a new one; (2) Plaintiffs' counsel believed, at the time, that Chubb was not a proper defendant in this suit; and (3) the evidence has only recently been discovered by Plaintiffs' counsel.  Chubb, while

---

defendant in this case, they would have had to supplement their Complaint to add facts that support the argument that Chubb and TCI were an "integrated enterprise" such that Chubb could be held liable.  While Plaintiffs made no effort in 2005 to support such a claim, this is the argument that Plaintiffs have now put forward in their Motion for Leave to Amend.

[4]  Plaintiffs rely on a line of cases from the Sixth Circuit that use the "integrated enterprise" test to determine the liability under the FLSA of a parent corporation for the acts of its subsidiaries.  The court in *Takacs v. Hahn Automotive Corp.*, Case No. C-3-95-404, 1999 U.S. Dist. LEXIS 21694 (D. Ohio Apr. 23, 1999) explained the test as follows:

> Under the "integrated enterprise" or "single employer" test, the Sixth Circuit considers four factors when determining whether to treat a parent corporation and its subsidiary as separate entities, or as a single employer, for purposes of statutory liability.  Specifically, the court assesses the degree of:  (1) interrelated operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel management; and (4) common ownership or financial control.  "No one of these factors is conclusive, and all four need not be met in every case."

*Id.* at *12 (quoting *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993-994 (6th Cir. 1997)).

contending that the new evidence does not support a finding of an "integrated enterprise," also counters that all of the evidence put forth by Plaintiffs was available at the time of its Motion to Dismiss in 2005.

The fact that we entered an Order in June 2005 dismissing Chubb from this suit requires that we approach the instant Motion by considering the "law of the case" doctrine and its implications in this situation. The law of the case doctrine is similar to the doctrine of res judicata or, alternatively, claim and issue preclusion, in that it limits relitigation of an issue once it has been decided by the Court.[5] "However, [the law of the case] doctrine is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing legal precept in later stages." *In re Cont'l Airlines, Inc.* 279 F.3d at 232-33 (citing 18 James Wm. Moore et al., Moore's Federal Practice ¶ 134.20 (3d ed. 1999)). The law of the case

---

[5] The Third Circuit provided an explanation of the various terms used to define the res judicata concept as follows:

> The preclusive effects of former adjudication have been discussed and determined in varying and occasionally conflicting terminology over the past hundred years. In early years, these concepts were referred to collectively by most commentators as the doctrine of res judicata. . . . Today, however, the modern nomenclature for these two doctrines is "claim preclusion" and "issue preclusion," respectively: Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim. . . . Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law. . . . These two doctrines share the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.

*In re Cont'l Airlines, Inc.* 279 F.3d 226, 232 (3d Cir. 2002) (internal citations and quotations omitted).

doctrine is an important rule of practice because it "protect[s] against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1], p. 118 (1984)). "Because it prevents courts from entertaining endless appeals on the same issue, the doctrine promotes finality and judicial economy. 'Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Pub. Interest Research Group of NJ, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997) (quoting 18 Charles A. Wright, Arthur R. Miller, Edward Cooper, Federal Practice and Procedure § 4478 at 788 (1981)).

The Third Circuit has recognized a number of "extraordinary circumstances" that warrant reconsideration of an issue that was previously decided by the Court in an earlier stage of the litigation. Those circumstances include "situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Pub. Interest Research Group of NJ, Inc.*, 123 F.3d at 117. In qualifying the exception for new evidence in the context of res judicata, however, courts have made clear that "[n]ewly discovered evidence does not prevent the application of res judicata, 'unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence.'" *Borough of Lansdale v. PP & L, Inc.*, 426 F. Supp. 2d 264, 307 (E.D. Pa. 2006) (quoting *Haefner v. N. Cornwall Twp.*, 40 Fed. App'x 656, 658 (3d Cir. 2002)); *see also L-Tec Elec. Corp. v. Cougar Elec. Org.*, 198 F.3d 85, 88 (2d Cir. 1999).

In this case, there are no extraordinary circumstances. The history of Chubb's Motion to Dismiss is particularly telling. On March 1, 2005, we held a Pretrial Conference, at which time

we inquired of the parties whether Chubb was a proper defendant in this case. (Doc. No. 26 at Ex. B ¶ 7-8, Certification of Brian Bauman.) Plaintiffs' counsel indicated that they needed some limited discovery in order to decide whether or not to dismiss Chubb. (*Id.* ¶ 9.) We agreed to a limited period of discovery, instructed Plaintiffs' counsel to conduct this discovery and, if they sought to keep Chubb in the case, instructed Plaintiffs to expand their claims against Chubb in an amended complaint. (*Id.* ¶ 10.) We issued an Order on March 2, 2005, directing that this discovery be completed by April 1, 2005. (Doc. No. 18.) Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs propounded Requests for Production of Documents and a Notice of Deposition upon Chubb. (Doc. No. 26 at Ex. B ¶ 13.) Chubb responded to the document requests, informing Plaintiffs that it did not possess any responsive documents. (*Id.* ¶ 14.) In addition, Plaintiffs' counsel and Chubb's counsel agreed that Chubb would provide a declaration of a Chubb employee to address the matters listed in the 30(b)(6) notice and that if Plaintiffs required additional information from Chubb, they would proceed with the 30(b)(6) deposition. (*Id.* ¶ 15.) Chubb provided Plaintiffs with the declaration of Steven M. Versaggi, dated March 31, 2005. (*Id.* ¶ 16; Versaggi Decl.) Plaintiffs' counsel then informed Chubb's counsel in April 2005 that Plaintiffs did not intend to conduct the Rule 30(b)(6) deposition of Chubb. (Doc. No. 26 at Ex. B ¶ 17.) In addition, Plaintiffs did not expand upon their claims against Chubb or even make any allegations against Chubb in their Renewed and Amended Motion to Certify and for Approval of Notice, the pleading that followed the limited discovery allowed by the Court. (*Id.* ¶¶ 18-19.) As a result, Chubb contacted Plaintiffs' counsel to determine whether Plaintiffs would voluntarily dismiss Chubb. (*Id.* ¶¶ 20-21.) Receiving no answer, Chubb filed the Motion to Dismiss. Plaintiffs failed to respond to this Motion and never presented the Court with any

argument or evidence on the viability of Chubb as a defendant.  Under the circumstances, we granted Chubb's Motion to Dismiss in June of 2005.

While Plaintiffs contend that they have discovered new evidence that supports a reinstatement of Chubb as a proper defendant, Chubb argues that virtually all of this evidence could have been discovered and submitted to the Court in 2005 when Chubb filed its Motion to Dismiss.  Plaintiffs now present the following items as new evidence in support of their Motion: (1) TCI was created to and continues to train Chubb employees (Doc. No. 34 at 7); (2) TCI employees utilized Chubb's Human Resources Department (*id.* at 3); (3) TCI employees used an array of Chubb services and benefits including the 401(k) plans, contributions to the Chubb Stock Fund or the Stock Fund Dividend Option, Chubb's CashBuilder Pension Plan, and direct deposit (*id.*); (4) TCI used Chubb's Code of Conduct and Electronic Communications Policy for its employees (*id.*); (5) Chubb reported TCI's income/loss on its financial statements as opposed to reporting the value of TCI as an investment holding (*id.* at 4); (7) a TCI executive held positions at TCI and Chubb simultaneously (Doc. No. 60 at 3-5); and (7) Chubb forwarded a prior FLSA lawsuit against TCI to a private law firm to defend TCI (Pl.'s May 15, 2007 Letter).

Chubb contests these allegations and asserts that they are distortions of the truth. Specifically, Chubb contends that:  (1) when Chubb sent employees to TCI for training, the tuition costs were paid by the individual employees; (2) Chubb did not provide payroll services to TCI; (3) Chubb did not provide Human Resource assistance or services to TCI; (4) Chubb was compensated for TCI's accessing of its mainframe; (5) TCI was included in the consolidated financial statements of Chubb because of accounting principles with which it complied; (6) Chubb's policies and procedures were made available to its subsidiaries, but those subsidiaries

10

were not required to adopt the policies;[6] and (7) Chubb is reimbursed by subsidiaries for the costs associated with benefits it provided to its subsidiaries' employees.  (Doc. No. 37 at 7.)

      In addition, while Chubb contests the truth of these assertions, Chubb also contends that all of the documents cited by Plaintiffs in support of this evidence were discoverable in 2005 at the time of Chubb's Motion to Dismiss.  Chubb points out that during the time between the Court Order dismissing Chubb and Plaintiffs' Motion for Leave to Amend filed eight-and-a-half months later, no discovery occurred between these parties, and thus no new facts were developed in discovery.  (Doc. No. 37 at 11.)  In fact, Plaintiffs admit that the integrated enterprise evidence that they have discovered came from the internet and the limited discovery conducted thus far.  (Doc. No. 48 at 1.)  The documents attached in support of Plaintiffs' Motion for Leave to Amend affirm this point.  The documents include TCI's Admissions Manual, TCI's September 2003 Manual entitled "You and Your Company Benefits," TCI's October 2003 Manual entitled "You and Your Company Policies," and Chubb's November 2003 Form 10-Q retrieved online from the U.S. Securities and Exchange Commission's website.  (Doc. No. 34 at Exs. 1-10.)  Clearly, Plaintiffs could have obtained and presented this evidence in response to Chubb's Motion to

---

    [6] The parties vigorously dispute this point.  Plaintiffs allege that Chubb's representative, Steven M. Versaggi, committed perjury in his March 7, 2006 Declaration filed in opposition to Plaintiffs' Motion for Leave to Amend.  In the Declaration, Versaggi asserted that Chubb made its Code of Business Conduct and Electronic Communication Policy available to its subsidiaries but did not require them to adopt those policies.  Rather, he stated, Chubb left it to the discretion of each subsidiary to choose to adopt any of Chubb's policies.  (*See* Doc. 37 at Ex. 2 ¶ 12.) Plaintiffs contend that this statement was false and point to statements made in the Code of Business Conduct and elsewhere, indicating that it was mandatory for all employees.  (*See* Pl.'s Letter of May 15, 2007 at 4.)  Chubb contests this claim, arguing that the prior versions of the Code of Conduct, on which Versaggi relied in making his Declaration and which were in effect at the time, support his statements regarding the discretionary and non-mandatory nature of the Code with respect to Chubb's subsidiaries.  (*See* Chubb's Letter of May 7, 2007.)

Dismiss in May 2005. Moreover, even if Plaintiffs could not have obtained this evidence without some discovery, they were specifically given the opportunity to conduct discovery on this issue in March through May of 2005 as is made clear in the Court's Order of March 2, 2005. (Doc. No. 18.) Plaintiffs appear to have begun the discovery process as directed by the Court but abandoned it after concluding that Chubb was not a proper defendant.[7] Based on this course of events, we dismissed Chubb from the action with prejudice. Plaintiffs have failed to raise any new evidence that could not have been discovered with due diligence at the time of Chubb's Motion to Dismiss. In addition, Plaintiffs do not point to any fraudulent concealment of evidence by Chubb.[8] Accordingly, the law of the case doctrine and the doctrine of res judicata compel us to deny Plaintiffs' present Motion. Plaintiffs were given the opportunity in May 2005 to conduct discovery and present evidence to support their "integrated enterprise" argument. They failed to do so, and we cannot permit the reopening of this question now absent compelling evidence.[9] *See Douris*, 2001 WL 695019, at *4 (finding that dismissal of defendant was a

---

[7] Plaintiffs' counsel admits in his most recent letter to the Court that, in 2005, he "believed Chubb's statements regarding its alleged arm's length relationship with TCI [and] thought the original complaint was just a slightly overzealous filing made without the benefit of pre-litigation discovery." (Pl.'s Letter of May 15, 2007.) Plaintiffs' counsel clearly contemplated the viability of Chubb as a defendant and chose not to pursue the matter despite having been given the opportunity to conduct discovery to satisfy himself that this was the proper course.

[8] While Plaintiffs have alleged that Chubb's employee, Steven Versaggi, committed perjury in his declaration to the Court, that declaration was filed on March 7, 2006 in response to Plaintiffs' Motion for Leave to Amend. Plaintiffs have alleged no fraudulent concealment of evidence during the relevant period in 2005 when the Court gave Plaintiffs an opportunity to do discovery on this issue and when Chubb filed its Motion to Dismiss. While Chubb contests the allegation of perjury, this dispute is irrelevant to the present issue because it arose close to a year after we granted Chubb's Motion to Dismiss.

[9] Plaintiffs' counsel also suggests that the eight month delay in filing the Motion for Leave to Amend after Chubb was dismissed was due, in part, to the fact that counsel was

dismissal with prejudice barring reinstatement at a later stage of the litigation). Accordingly, we are compelled to deny Plaintiffs' Motion for Leave to Amend.[10]

An appropriate Order follows.

---

transitioning to a new private practice. (*See* Pl.'s Letter of May 15, 2007 at 3.) However, this does not explain why Plaintiffs failed to conduct discovery on this issue when they were permitted to do so in April and May 2005 and does not explain why they failed to oppose Chubb's Motion to Dismiss in May 2005. Chubb was dismissed in June 2005. The fact that Plaintiffs' counsel left his firm in August 2005 and began transitioning cases to his new firm in October 2005 (Doc. No. 43 at 2) does not explain the failure to address this issue when the Court gave the parties the opportunity to do so.

[10] Plaintiffs contend that we should defer decision on this Motion until after the close of the opt-in period. They argue that the opt-in plaintiffs will not be bound by the Court's earlier dismissal of Chubb from the litigation because they had not yet entered the case. (Pl.'s Letter of May 15, 2007 at 2.) However, in an opt-in collective action, opt-in plaintiffs are bound by the judgments of the court in that case. *See Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1136 (D. Nev. 1999) (finding in collective action that there is no risk "that unnamed parties will be bound by a judgment in which they had no participation because only those plaintiffs which opt into the suit are bound by its result."). When potential plaintiffs file their Notices to opt-in, they are opting in to a suit in which some judgments have already been made. These plaintiffs are choosing to opt-in to this suit rather than file their own individual suits in which there have been no prior decisions. Thus, it is clear that under the law of the case doctrine, any prior decision of the Court in an earlier stage of the litigation applies to all future opt-in plaintiffs in the same action. There is no reason for us to defer decision on this Motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD BOSLEY, ET AL. | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 04-CV-4598 |
| | : | |
| THE CHUBB INSTITUTE | : | |

**ORDER**

AND NOW, this  25th  day May, 2007, upon consideration of Plaintiffs' Motion For Leave To File Amended Pleading (Doc. No. 34), Plaintiffs' Renewed Motion For Leave To File Amended Pleading (Doc. No. 86), Plaintiffs' Motion To Strike Non-Party Responses To Motion For Leave To File Amended Pleading (Doc. No. 59), and all papers submitted in support thereof and in opposition thereto, it is ORDERED as follows:

1. Plaintiffs' Motion for Leave to File Amended Pleading (Doc. No. 34) and Plaintiffs' Renewed Motion for Leave to File Amended Pleading (Doc. No. 86) are DENIED.

2. Plaintiffs' Motion to Strike Non-Party Responses to Motion for Leave to File Amended Pleading (Doc. No. 59) is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge